JOHN E. SCOTT ET AL., APPELLEES, v. D. L. McDONALD: MORROW & MORROW ET AL., INTERVENERS, APPELLANTS.

FILED JANUARY 19, 1934. No. 28739.

*Morrow & Morrow* and *Mothersead & York*, for appellants.

*F. J. Reed, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

ROSE, J.

This is a controversy between rival claimants of a fund paid into court by a garnishee. In the district court for Scotts Bluff county, John E. Scott recovered a judgment against D. L. McDonald April 10, 1931, for $4,471.39, on which execution was issued January 2, 1932, and returned *nulla bona* the same day. In answering a summons in garnishment issued in the case of Scott against McDonald January 2, 1932, M. B. Quivey, on that date, stated he and J. M. Chirrick, garnishees, jointly owed McDonald a debt of $135.78 which had been reduced to judgment in another action wherein the costs were $45.45. January 2, 1932, Quivey tendered into court and paid to the clerk thereof the sum of his debt and costs or $181.23.

January 5, 1932, Morrow & Morrow, attorneys, intervened in the case of Scott against McDonald, pleaded a claim for an attorneys' lien of $75 for services in procuring the judgment in favor of McDonald against Quivey and Chirrick for $135.78, and prayed for an order on the clerk to pay their claim in full out of the fund in his hands.

February 15, 1932, Carr and Neff Lumber Company intervened in the case of Scott against McDonald and pleaded that the latter assigned to intervener the judgment in McDonald's favor for $135.78, subject to the attorneys' lien; that the garnishment was void for want of service of a summons on Quivey and Chirrick; that the

district court was without jurisdiction; that intervener as assignee of McDonald was entitled to the fund in court, subject to the attorneys' lien.

Upon a trial of the issues presented by the garnishment and the claims of interveners, the district court sustained the garnishment, directed the clerk to pay the costs in the case wherein McDonald had recovered the judgment against Quivey and Chirrick for $135.78 and to turn over the remainder of the fund in court to George J. Carpenter, to whom the judgment in favor of Scott for $4,471.39 had been assigned. Interveners appealed.

It is argued as a ground of reversal that the summons in garnishment was not served on garnishee and that consequently the court acquired no jurisdiction over the fund in the hands of Quivey, one of the persons named as garnishee. On its face the summons shows it was in proper form and was regularly issued January 2, 1932. It was returned and filed January 5, 1932, and there was then attached to it the following:

"J. M. Chirrick and M. B. Quivey hereby acknowledge receipt of copies of the garnishee summons hereto attached. Dated this 2d day of January, 1932.

"J. M. Chirrick,
"M. B. Quivey."

Interveners contend that this was not service or the equivalent of service; that there is a material difference between the receipt of a copy of a writ and actual service or the acknowledgment of service; that jurisdiction can only be acquired in the manner prescribed by statute; that garnishment is an attachment by means of which money or property of a debtor in the hands of a third person may be subjected to payment of a creditor's claim; that the garnishee could not, by means of a voluntary appearance, deprive interveners of property rights.

Garnishment is a statutory remedy. Jurisdiction of the court depends on compliance with statutory requirements. There is a recognized difference between the

usual form of attachment and garnishment. In attachment the sheriff seizes property or levies on it. In garnishment the writ commands the sheriff to summon the garnishee to appear in court and answer under oath questions relating to goods, chattels, rights and credits. In attachment, possession of the property may be changed by seizure under judicial process, while in garnishment a change of possession may await an order of court. In one instance the legal process requires the seizure of property and in the other a garnishee's appearance in court is required. The distinction may become important when jurisdiction is involved. In garnishment the statutory procedure is substantially as follows: Upon a proper affidavit the clerk of the court "shall issue a summons as in other cases," requiring garnishee to appear in court and answer such interrogatories as shall be propounded to him, touching the goods, chattels, rights and credits of the judgment debtor in his possession or control. Comp. St. 1929, sec. 20-1056. "The summons shall be served as a summons in an original action is served." Comp. St. 1929, sec. 20-1058. According to civil procedure in original actions in the district court an acknowledgment on the back of the summons is equivalent to service. Comp. St. 1929, sec. 20-516. The statute provides:

"A garnishee may pay the money owing to the defendant by him to the sheriff having the order of attachment, or into court. He shall be discharged from liability to the defendant for any money so paid not exceeding the plaintiff's claim." Comp. St. 1929, sec. 20-1027.

In the case at bar the summons was not a spurious writ procured by garnishees for the purpose of depriving interveners of rights. It was a valid process issued on a sufficient affidavit. There is no evidence of fraud on the part of any one. When the summons was returned the garnishees' receipt for a copy was attached. The copy received by garnishees disclosed a demand on them to appear in court for a specific purpose. The receipt at-

807

tached to the summons was equivalent to acknowledgment on the back of the summons and amounted to service for the purpose of garnishment, within the intent and meaning of the statutes. The distinction which interveners make between acknowledgment of service and a receipt for a copy of the summons is deemed too refined, even for the purpose of testing jurisdiction. The summons, the receipt attached to it and the return evidenced the notice and the service essential to jurisdiction. Garnishees answered the summons and one of them paid into court the entire amount of the indebtedness owing to McDonald. All rival claimants appeared in court and litigated their claims. The answer of the garnishees was not a voluntary appearance. The act of answering was performed under the command of the summons pursuant to statutory authority. In point of time, the garnishment preceded the filing of any attorneys' lien and was prior to the assignment of the judgment in favor of McDonald. There was therefore no error in the proceedings and judgment of the district court.

AFFIRMED.